PEOPLE ex rel. NEW YORK EDISON CO. v. WILLCOX et al.

(Supreme Court, Appellate Division, First Department. March 29, 1912.)

CERTIORARI (§ 50*)—RETURN.

Under Code Civ. Proc. §§ 2134, 2135, 2137, 2138, requiring each person on whom certiorari is served to make a return, authorizing the bringing in of a third person beneficially interested in upholding the determination to be reviewed on certiorari, and providing that the cause must be heard on the writ and return, the return of one made a party to certiorari to review a determination of the Public Service Commission for the First District must be included in the papers on which the proceeding is to be determined, in the absence of any motion to correct such return.

[Ed. Note.—For other cases, see Certiorari, Cent. Dig. § 131; Dec. Dig. § 50.*]

Certiorari by the People, on the relation of the New York Edison Company, against William R. Willcox and others, constituting the Public Service Commission for the First District, and another. Motion to dismiss writ, or that the printed record filed by relator be corrected, by adding to it the certified copy of the return to the writ made by respondent the Long Acre Electric Light & Power Company, granted to the extent of requiring relator to annex to the printed papers a copy of such return.

See, also, 132 N. Y. Supp. 1142.

Argued before INGRAHAM, P. J., and McLAUGHLIN, SCOTT, CLARKE, and DOWLING, JJ.

Graham & L'Amoreaux, for the motion.
Morgan J. O'Brien and Henry J. Hemmens, opposed.

PER CURIAM. The relator obtained from the Supreme Court a writ of certiorari, directed to the Public Service Commission of the State of New York for the First District and to the Long Acre Electric Light & Power Company. After the necessary recitals, the writ commanded those to whom it was addressed, within 20 days after the service of the writ, that they—

"do certify and return all and singular your proceedings and decisions had and made in the premises, together with all testimony and evidence, both documentary and otherwise, upon which you proceeded or arrived at your determination in the premises, to the end that your determination and action in the premises may be reviewed and corrected on the merits in this court. and your proceedings and orders may be reviewed and corrected, and said orders vacated and annulled, if to the court it shall seem just and proper."

In response to that writ the Public Service Commission made and filed its return as prescribed by the writ. The Long Acre Electric Light & Power Company also made and filed a return to this writ. The relator, disregarding the return of the Long Acre Company, caused the papers to be printed and filed, which contain the petition for the writ and the instruments thereto annexed, the writ itself, and the return by the Public Service Commission, but did not print and file the return of the Long Acre Company.

By section 2134 of the Code of Civil Procedure it is provided that:

"The clerk, with whom a writ of certiorari is filed, and each person, upon whom a writ of certiorari is served, * * * must make and annex to the writ, or to the copy thereof served upon him, a return, with a transcript annexed, and certified by him, of the record or proceedings, and a statement of the other matters, specified in and required by the writ."

Section 2135 of the Code of Civil Procedure authorizes the court to direct a further return, if the return is defective, and to enforce the making of the return. Section 2137 of the Code of Civil Procedure provides for bringing in a third party specifically and beneficially interested in upholding the determination to be reviewed. And section 2138 of the Code of Civil Procedure provides that the cause must be heard at a term of the Appellate Division of the Supreme Court upon the writ and return and the papers upon which the writ was granted.

The Long Acre Company having been made a party to the proceeding, and having by the writ been required to make a return, its return became a part of the proceeding upon which the matter was required to be heard; and we think, therefore, that the return of the Long Acre Company should be part of the record upon the appeal. If the return is defective, or contains matter improperly inserted, the relator could have made à motion to have it corrected; but, no such motion having been made, we think the return must be included in the papers upon which the proceeding is to be determined.

The motion is therefore granted, to the extent of requiring the relator to annex to the printed papers upon which the proceeding is to be heard a copy of the return of the Long Acre Electric Light & Power Company.